CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
July 03, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:21-cr-00012 |
| v. | MEMORANDUM OPINION & ORDER |
| MADISON WONNE ZELEE, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Madison Wonne Zelee, pleaded guilty to Hobbs Act Robbery, 18 U.S.C. § 1951(a), and possession of a firearm by a felon. He was sentenced to 60 months for each offense to be served concurrently. Defendant has now filed a *pro se* motion seeking compassionate release. For the following reasons, the Court finds that he should not receive any reduction in his sentence and, accordingly, denies his motions.

## Background

In 2016, Defendant was found guilty of malicious bodily injury for striking a person with a baseball bat. Dkt. 70, ¶ 29 (PSR). The state court sentenced him to four years of incarceration, to be followed by three years of post-conviction supervision. *Id.* Defendant was released in 2018. *Id.* While on supervision, Defendant attempted to rob a drug dealer of marijuana and money. ¶ 1. Ultimately, his attempt failed. ¶ 7. But relevant here, during the attempt, he shot into a vehicle occupied by the dealer and his father. *Id.*

## Analysis

Defendant has filed a motion seeking compassionate release or a reduced sentence due to the recent passing of his minor son's primary caregiver – i.e., Defendant's wife. Dkt. 125.

1

A sentencing court generally cannot "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). But a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" after the defendant has petitioned the Bureau of Prisons and exhausted administrative remedies following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate relief is warranted. *United States v. Rice*, No. 3:05-cr-11, 2023 WL 3981274, at *2 (E.D. Va. June 13, 2023); *United States v. Griggs*, 462 F. Supp. 3d 610, 615 (D.S.C. 2020). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must further consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

The Government does not contest that Defendant has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) prior to bringing the present motion for compassionate release. Dkt. 133. Further, the Court will assume without deciding that the "death … of the caregiver of the defendant's minor child"—i.e., Defendant's wife—serves as an extraordinary or compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A).[1]

---

[1] Even if the Court were to grant compassionate release, it is unlikely that Defendant would be able to serve as his son's primary caregiver. Following his release, he must serve a two-year sentence in Virginia state court for violating supervision and resolve an Immigration and Customs Enforcement (ICE) detainer. Dkt. 125.Furthermore, Defendant's minor son is currently residing with the child's maternal grandmother, and there are no allegations that she is incapable of caring for him.

Defendant's motion, therefore, hinges on whether his release or a reduced sentence is supported by the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(a). These factors require the Court to consider, among other things, "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed to reflect the seriousness of the offense… and provide just punishment for the offense." 18 U.S.C. § 3553(a).

The nature and circumstances of the offense do not support Defendant's release. Indeed, the present offense is both particularly serious and characterized by violence. Specifically, he attempted to gain access to the target's residence under the guise of looking for a missing dog. ¶ 6. When he failed to gain entry, Defendant and his co-conspirators left the area for a brief period before returning to the residence. *Id.* Around the same time, the target and his father left their house in an attempt to locate Defendant, but unable to do so, they returned to their home. Upon returning, Defendant began shooting at the vehicle, hitting it multiple times. *Id.* That the victim and his father were fortunately unscathed does not undermine their risk of injury and death.

Furthermore, Defendant has a criminal history score of seven which places him in the criminal history category of IV. ¶ 33. His convictions include: (1) Hobbs Act Robbery, (2) Malicious Bodily Injury, and (3) Unauthorized Use of a Motor Vehicle. ¶¶ 2, 29, 30. In sum, his criminal history is extensive, demonstrating a pattern of violent behavior. ¶ 26.

Nevertheless, the nature and circumstances of the offense must be balanced with the history and characteristics of the defendant. 18 U.S.C. § 3553(a). His success in obtaining his General Education Development (GED) and excellence in the Non-Residential Drug Abuse Program are commendable. Dkt. 131, Dkt. 136. The Court agrees that these achievements could aid in Defendant's rehabilitation. Dkt. 136.

3

However, these accomplishments are outweighed by "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see United States v. Stewart*, No. 3:15-cr-103, 2022 WL 2070616, at *4 (E.D. Va. June 8, 2022) (explaining that taking educational courses are "commendable rehabilitation efforts" but "do not outweigh the seriousness of the offense or Stewart's criminal history"). Defendant's criminal history coupled with the violence inherent in engaging in robbery using a firearm exhibit the need for the current sentence "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Therefore, the Court finds the 3553(a) factors weigh heavily against his release.

Accordingly, Defendant's motions for compassionate release or a reduced sentence are hereby **DENIED**. Dkts. 96, 125.

It is so **ORDERED**.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and to the U.S. Marshals Service.

Entered this 3rd day of July, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4